IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAYMOND R. AND<br>AMELIA D. SCHWAB,<br><br>Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, et al.<br><br>Defendants. | Case No. 18-cv-02488-DDC-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kris Kobach's January 9, 2019 Motion to Stay Discovery and Related Rule 26 Activities (**ECF No. 68**) and Defendants St. Francis Community Services, Kathy Boyd, Laura Price and Kaylee Posson's January 17, 2019 Joint Motion to Stay Discovery (**ECF No. 83**). These Defendants propose the Court stay discovery and related Fed. R. Civ. P. 26 activities pending resolution of their respective motions to dismiss.[1]

Plaintiffs' responses to the above Motions to Stay were due, respectively, by January 23, 2019 and January 31, 2019.[2] To date, no responses have been filed. Pursuant to D. Kan. Rule 7.4(b), when a responsive brief or memorandum is not timely filed, the Court can consider and decide the motion as an uncontested motion, and will ordinarily

---

[1] Defendant St. Francis's Motion to Dismiss is on file at ECF No. 45. Defendant Kobach's Motion to Dismiss is on file at ECF No. 64. Defendants Boyd, Price and Posson's Motion to Dismiss is on file at ECF No. 81.
[2] D. Kan. Rule 6.1(d) states responses to non-dispositive motions are due within 14 days.

1

grant the motion without further notice. For this reason and for the reasons stated below, the Court **GRANTS** the Motions to Stay as to these and all other defendants. As such, scheduling and discovery in this case shall be stayed pending resolution of all motions to dismiss.

I. **Nature of the Case**

This case arises out of Plaintiffs' five children being taken into protective custody and the subsequent child-in-need-of-care proceedings that ensued in Kansas state court from 2015 to 2018.[3] Plaintiffs allege constitutional and state law tort violations against thirty defendants, which include state and county agencies, state and county officials, private entities and private individuals.[4] In lieu of filing answers, twenty-six of the defendants[5] have filed motions to dismiss requesting dismissal of Plaintiffs' Amended Complaint in its entirety for reasons including lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, standing, improper service of process, and immunity.[6] Each motion is currently pending before the District Judge.

II. **Discussion**

As noted above, Defendants Kobach, St. Francis Community Services, Kathy Boyd, Laura Price and Kaylee Posson seek a stay of discovery pending resolution of their motions to dismiss. While courts generally do not favor stays pending resolution of dispositive

---

[3] *See* Complaint and Amended Complaint (ECF Nos. 1 and 7).
[4] *Id.*
[5] From a review of the docket, it appears four defendants, Andrew Vinduska, Rhonda Eisenbareger, Deja Jackson, and Amanda Allison-Ballard, have either not been timely served or have not timely answered.
[6] *See* ECF Nos. 45, 50, 52, 54, 56, 59, 62, 64, 75, 77, 81, and 105.

2

motions, courts do have the discretion to do so.⁷ In particular, courts "may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court."⁸ And, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided . . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."⁹

A stay is also proper where a pending dispositive motion raises issues of immunity from suit.¹⁰ "Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings."¹¹ "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability but demands customarily imposed upon those defending a long drawn out lawsuit."¹²

---

⁷ *Klaasen v. Univ. of Kansas Sch. of Med.*, No. 13-2561-DCC, 2014 WL 12586790, at *1 (D. Kan. Aug. 13, 2014) ("The power to stay discovery is firmly vested in the sound discretion of the trial court.") (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990)); *Coffman v. Hutchinson Cmty. Coll.*, No. 17-4070-SAC-GEB, 2018 WL 994707, at *2 (D. Kan. Feb. 21, 2018) ("A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.").
⁸ *Klaasen*, 2014 WL 12586790, at *1 (quoting *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).
⁹ *Schamp v. Shelton*, No. 06-4051-SAC, 2006 WL 1895454, at *1 (D. Kan. July 7, 2006) (quoting *Wolf v. United States,* 157 F.R.D. 494, 494–95 (D. Kan. 1994)).
¹⁰ *Klaasen,* 2014 WL 12586790, at *1.
¹¹ *Keys v. Obama*, No. 13-4103-EFM, 2013 WL 6231370, at *1 (D. Kan. Dec. 2, 2013) (citing *Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991)).
¹² *Id.*

3

Applying the above standard to the case at hand, the Court believes a stay of scheduling and discovery pending resolution of all pending motions to dismiss is appropriate and practical. Because all pending motions to dismiss seek dismissal of Plaintiffs' Amended Complaint in its entirety, they have the potential to completely dispose of the case, to eliminate one or more defendants, or to narrow the issues remaining for discovery. Additionally, several motions to dismiss raise Eleventh Amendment immunity, absolute immunity, and qualified immunity issues.[13]

Also, by imposing a stay now, before discovery activities have truly begun, the Court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motions. Therefore, the Court finds a stay of scheduling and discovery pending resolution of all pending motions to dismiss will not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate and economical in this instance.

**IT IS THEREFORE ORDERED** that Defendant Kris Kobach's Motion to Stay Discovery and Related Rule 26 Activities (**ECF No. 68**) and Defendants St. Francis Community Services, Kathy Boyd, Laura Price and Kaylee Posson's Joint Motion to Stay Discovery (**ECF No. 83**) are **GRANTED**. Scheduling and discovery in this case shall be stayed as to all parties pending resolution of all pending motions to dismiss.[14] For the time

---

[13] *See* ECF No. 55, pp. 8-10; ECF No. 63, pp. 22-27; ECF No. 65, pp. 6-8, 17-22; and ECF No. 76, pp. 14-15.

[14] *See supra* note 6 regarding the pending motions to dismiss.

being, no party shall be required to exchange initial disclosures as prescribed by Rule 26(a)(1), participate in any Rule 26(f) planning conference, develop a Rule 26(f) discovery plan, or otherwise engage in scheduling or discovery requirements. Upon resolution of all pending motions to dismiss, the Court, if necessary, will promptly set a conference to discuss scheduling and discovery.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of February, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate