# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RAYMOND R. SCHWAB AND
AMELIA D. SCHWAB,

    Plaintiffs,

v.

KRIS KOBACH, et al.,

    Defendants.

Case No. 18-2488-DDC-GEB

## MEMORANDUM AND ORDER

This matter[1] comes before the court on defendants Anthony and Michelle Allison's Motion to Quash (Doc. 105) under Fed. R. Civ. P. 12(b)(4) and (5). For reasons explained below, the court denies defendants' motion.

**I.    Background**

Defendants move to quash four Proofs of Service—Docs. 72, 74, 92, and 93—filed by plaintiffs Raymond and Amelia Schwab. Two of the Proofs of Service—Docs. 72 and 74—represent that on January 11, 2019, a person named Alma Ann E. Jones[2] attempted to serve summonses on defendants. But, the Proofs of Service also represent that, after "multiple attempts" to effect personal service, Ms. Jones left the summonses "on the front door" of the home where she had tried to serve defendants. Doc. 72 at 1; Doc. 74 at 1. Then, plaintiffs filed two Proofs of Service showing that Ms. Jones had mailed summonses to defendants. Plaintiffs

---

[1]     As a matter of judicial housekeeping, the court substitutes plaintiffs' official capacity claim against defendant Kobach for an official capacity claim against this successor in that office—current Kansas Secretary of State Scott Schwab. Fed. R. Civ. P. 25(d).

[2]     Plaintiffs allege Ms. Jones is a volunteer affiliated with former gubernatorial candidate, Jennifer Winn. Doc. 112 at 2–3.

attached the return receipts, both purportedly bearing Michelle Allison's signature, to the Proofs of Service they had filed. One return receipt shows Anthony Allison's name and address. Doc. 92 at 2. And the other shows Michelle Allison's name and address. Doc. 93 at 2.

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(e) provides that a party may accomplish service on an individual by: (1) delivery to the individual personally, (2) delivery at the individual's dwelling or usual place of abode, (3) delivery on the individual's authorized agent, or (4) following Kansas state laws governing service. *See* Fed. R. Civ. P. 4(e). Kansas law allows for service by return receipt delivery "to an individual at the individual's dwelling or usual place of abode." Kan. Stat. Ann. § 60-303(c)(1), 304(a). More specifically, this Kansas statute provides:

> The sheriff of the county in which the action is filed must serve any process by any method authorized by this section, or as otherwise provided by law, unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service.
>
> . . . .
>
> The sheriff, party or party's attorney must give to the person or entity effecting delivery a copy of the process and petition or other document in a sealed envelope, with postage or other delivery fees prepaid, addressed to the person to be served in accordance with K.S.A. 60-304, and amendments thereto. . . . Service of process is obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope . . . . After service and return of the return receipt, the sheriff, party or party's attorney must execute and file a return of service. The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery.

*Id.* at § 60-303(b), (c)(2)–(4).

Kansas law permits a party to discharge its service of process obligation by showing "substantial compliance." Kan. Stat. Ann. § 60-204 provides:

> Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission,

> the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property.

Kan. Stat. Ann. § 60-204. The Kansas Supreme Court has defined "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (citation and internal quotation marks omitted). And, the Kansas Supreme Court "read[s] the statutory language [of Kan. Stat. Ann. § 60-204] as suggesting that the legislature believed that the paramount objective of any method of service of process is that 'the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.'" *Id.* at 220 (quoting Kan. Stat. Ann. § 60-204).

## III. Analysis

Defendants' motion contends that plaintiffs have failed to comply with Kan. Stat. Ann. § 60-303 because, they assert, that statute only permits the sheriff, the party, or the party's attorney to serve summonses using return receipt delivery. Here, someone named Alma Ann E. Jones attempted to serve defendants. But, defendants argue, she is not one of the individuals authorized by statute to serve process. Defendants contend "a random individual mailed *something* to Defendants and executed the return." Doc. 106 at 3. "No representation was made as to whether such mailings even included the summonses," their argument continues. *Id.* And, they assert, "leaving a service packet on a defendants' doorstep" is not a proper method of service of process under Rule 4 or Kan. Stat. Ann. § 60-303.

Plaintiffs respond by arguing that federal law allows anyone over the age of 18 who is not a party to serve process on defendants. But this argument misses the mark because plaintiffs did not secure personal service under Rule 4. Instead, they attempted service by certified mail under Kan. Stat. Ann. § 60-303. This option requires service by certified mail by "sheriff, party

3

or party's attorney." Kan. Stat. Ann. § 60-303(b). Similarly, proof of service by certified mail must be filed by "sheriff, party or party's attorney." *Id.* Our court has held, under similar circumstances, that service by someone unauthorized to serve process under statute did not comply with Kan. Stat. Ann. § 60-303. *See Perkins v. City of Wichita*, 78 F.R.D. 566, 567 (D. Kan. 1998) (applying an older version of Kan. Stat. Ann. § 60-303 and holding that service was not proper when mailed by an individual not authorized to mail service under Kan. Stat. Ann. § 60-303).

Here, applying these principles to the procedural facts of this case, the record establishes that someone named Alma Ann E. Jones signed Proofs of Service for both Anthony Allison and Michelle Allison. Doc. 72; Doc. 74. Plaintiffs concede that Ms. Jones is neither a party to this action, an attorney for plaintiffs, nor employed by a sheriff's office. Thus, plaintiffs have failed to comply with the service requirements adopted by Kan. Stat. Ann. § 60-303 and Rule 4(e).

Nevertheless, the court is not convinced that dismissal is warranted here. Federal Rule of Civil Procedure 4(m) allows the district court to extend the period for service, even in the absence of good cause shown. Fed. R. Civ. P. 4(m) The court finds that plaintiffs made a good faith attempt to effect timely service on defendants Anthony and Michelle Allison. And while their efforts didn't comply with the black letter law, defendants do not claim they were prejudiced by the defective service. Thus, the court exercises its discretion under Rule 4(m) and extends the time for service on defendants for 30 more days from the date of this Order. Plaintiffs must serve process on defendants Anthony and Michelle Allison under the Federal Rules of Civil Procedure (or the Kansas Rules of Civil Procedure) no later than **September 27, 2019**.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Anthony and Michelle Allison's Motion to Quash (Doc. 105) is denied.

**IT IS FURTHER ORDERED THAT** plaintiffs must serve process on defendants Anthony and Michelle Allison in accordance with the Federal Rules of Civil Procedure (or the Kansas Rules of Civil Procedure) **within 30 days from the date of this Order**.

**IT IS SO ORDERED.**

**Dated this 28th day of August, 2019, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**