IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMOND R. SCHWAB AND
AMELIA D. SCHWAB,

    Plaintiffs,

v.

KRIS KOBACH, et al.,

    Defendants.

Case No. 18-2488-DDC-GEB

## MEMORANDUM AND ORDER

This matter is before the court on the court's orders to show cause (Doc. 122; Doc. 123). For reasons explained below, the court concludes (1) plaintiffs have 30 additional days to serve defendant Amanda Allison-Ballard, and (2) defendant Andrew Vinduska is dismissed for failure to prosecute.

### I.    Background

Federal procedure requires parties to serve process on all defendants within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(c), (m). But, plaintiffs have failed to serve certain defendants within that deadline. So, on August 28, 2019, the court ordered plaintiffs to show cause by September 5, 2019, why the court should not dismiss defendants Amanda Allison-Ballard and Andrew Vinduska for failure to prosecute under Rule 41. Doc. 122; Doc. 123. Because plaintiffs have registered to participate in the court's electronic filing system, they received service of the Order by electronic notice the same day. *See* D. Kan. Rule 5.4.9(a). Plaintiffs filed a Response to the show cause order for defendant Amanda Allison-Ballard (Doc. 125) but failed to respond to the show cause order for defendant Andrew Vinduska.

## II.     Legal Standard

Federal Rule of Civil Procedure 4(e) provides that a party may serve an individual by: (1) delivery to the individual personally, (2) delivery at the individual's dwelling or usual place of abode, (3) delivery on the individual's authorized agent, or (4) following state law governing service.  *See* Fed. R. Civ. P. 4(e).  Kansas law authorizes service by return receipt delivery "to an individual at the individual's dwelling or usual place of abode."  Kan. Stat. Ann. § 60-303(c)(1), 304(a).  More specifically, this Kansas statute provides:

> The sheriff of the county in which the action is filed must serve any process by any method authorized by this section, or as otherwise provided by law, unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service.
>
> . . . .
>
> The sheriff, party or party's attorney must give to the person or entity effecting delivery a copy of the process and petition or other document in a sealed envelope, with postage or other delivery fees prepaid, addressed to the person to be served in accordance with K.S.A. 60-304, and amendments thereto. . . .  Service of process is obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope . . . .  After service and return of the return receipt, the sheriff, party or party's attorney must execute and file a return of service.  The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery.  It must include a copy of the return receipt evidencing delivery.

*Id.* at § 60-303(b), (c)(2)–(4).

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specific time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. (4)(m).  While good cause is not defined in the rule, "[t]he legislative history of the Rule cites a defendant's evasion of service as the sole example of 'good cause.'"  *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991).

**III.     Analysis**

   **a.  Defendant Amanda Allison-Ballard**

Plaintiffs filed their Complaint on August 27, 2018 (Doc. 1).  A summons was issued for defendant Amanda Allison-Ballard on October 26, 2018.  The docket reflects plaintiffs attempted to serve Ms. Allison-Ballard on January 9, 2019 and filed an executed summons.  Doc. 73.  But, the "executed summons" reveals plaintiffs' efforts to serve Ms. Allison-Ballard were deficient under Rule 4 and the Kansas Rules of Civil Procedure.  Plaintiffs left a copy of the Complaint on Ms. Allison-Ballard's door and mailed a copy to her residence.  But, plaintiffs did not file a return receipt with Ms. Allison-Ballard's executed summons.  Neither the Federal Rules nor Kansas law authorizes this method of service.  *See* Fed. R. Civ. P. 4; Kan. Stat. Ann. § 60-303.

In their response to the show cause order, plaintiffs contend that they failed to serve Ms. Allison-Ballard because she was "actively and publicly evading service."  *Id.* at 2.  According to plaintiffs, Ms. Allison-Ballard posted her intention to evade service on her social media accounts.  Doc. 125 at 1–2.  The court finds that plaintiffs have established good cause for failing to serve Ms. Allison-Ballard within the deadline.  *See* Cox, 941 F.2d at 1125 (citing evading service as an example of good cause).  Consistent with Rule 4(m), the court extends the time for service on Ms. Allison-Ballard for 30 more days from the date of this Order.  Plaintiffs must serve process on Ms. Allison-Ballard under the Federal Rules of Civil Procedure (or the Kansas Rules of Civil Procedure) no later than **October 14, 2019**.

### b. Defendant Andrew Vinduska

A summons was issued for defendant Andrew Vinduska on October 26, 2018. But, the docket reflects that plaintiffs have not served defendant Vinduska with summons and the Complaint as required by Fed. R. Civ. P. 4.

Under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1, the court may dismiss an action where a party fails to prosecute or comply with the court's orders and rules. Because plaintiffs have failed to respond to the court's show cause order and also failed to prosecute their action against defendant Vinduska, the court dismisses defendant Vinduska without prejudice.

**IT IS THEREFORE ORDERED THAT** plaintiffs must serve process on defendant Amanda Allison-Ballard in accordance with the Federal Rules of Civil Procedure (or the Kansas Rules of Civil Procedure) **within 30 days from the date of this Order**.

**IT IS FURTHER ORDERED THAT** defendant Andrew Vinduska is dismissed without prejudice under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1 because plaintiffs failed to prosecute their claims against defendant Vinduska.

**IT IS SO ORDERED.**

**Dated this 13th day of September, 2019, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree_____
> **Daniel D. Crabtree**
> **United States District Judge**