IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMOND R. SCHWAB AND
AMELIA D. SCHWAB,

    Plaintiffs,

v.

    Case No. 18-2488-DDC-GEB

KIM YOXELL, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on pro se[1] plaintiffs' motion to "Remove Amanda Allison-Ballard as a Defendant" (Doc. 133). Plaintiffs ask the court to "remove Amanda Allison-Ballard from the complaint as the plaintiff[s'] cannot find the defendant." Doc. 133 at 1. For reasons explained below, the court grants plaintiffs' request.

### I. Legal Standard

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss a claim voluntarily without a court order under certain circumstances. "[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A), 41(a)(1)(A)(i).

---

[1] Because plaintiffs proceed pro se, the court construes their filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se parties. *See Hall*, 935 F.2d at 1110. Likewise, plaintiffs' pro se status does not excuse them from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Also, Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff to dismiss a case voluntarily "only by court order, on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (citation omitted). Ordinarily, district courts should grant a Rule 41(a)(2) dismissal without prejudice "[a]bsent 'legal prejudice' to the defendant." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

As the court explained in *City of Scranton v. Orr Wyatt Streetscapes*, No. 18-4035-DDC-TJJ, 2018 WL 4222414, at *1–2 (D. Kan. July 16, 2018), a plaintiff may dismiss voluntarily all claims against fewer than all defendants under Rule 41(a)(1)(A)(i). Allowing a plaintiff to stipulate to dismiss fewer than all defendants from a multi-defendant case—instead of requiring plaintiff to file an amended pleading—advances the aims of Federal Rule of Civil Procedure 1, which directs federal courts to construe the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**II.     Analysis**

Plaintiffs' motion asserts that they were unable to locate and serve Amanda Allison-Ballard, named as a defendant in plaintiffs' Complaint. The motion asks the court to "remove" Ms. Allison-Ballard from the Complaint "without prejudice." Doc. 133 at 1. Plaintiffs never have served Ms. Allison-Ballard and, as one would expect, Ms. Allison-Ballard has not filed a response of any kind. Thus, as it applies to Ms. Allison-Ballard, Rule 41(a)(1)(A)(i) permits plaintiffs to maintain their "right of dismissal by notice." *Davidson v. Thompson*, No. 18-3084, 2019 WL 1317465, at *1 (D. Kan. Mar. 22, 2019). The court thus construes plaintiffs' motion—as it applies to Ms. Allison-Ballard—as a notice of voluntary dismissal under Fed. R. Civ. P.

2

41(a)(1)(A)(i), since Ms. Allison-Ballard has not filed any responsive pleading. And, because plaintiffs have dismissed their claims against Ms. Allison-Ballard, the court directs the Clerk of the Court to terminate Ms. Allison-Ballard as a defendant in the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' request to dismiss Ms. Allison-Ballard (Doc. 133) is granted. The Clerk of the Court is directed to terminate Amanda Allison-Ballard as a defendant.

**IT IS SO ORDERED.**

**Dated this 16th day of October, 2019, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**