IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAYMOND R. AND<br>AMELIA D. SCHWAB,<br><br>Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, et al.<br><br>Defendants. | Case No. 18-cv-02488-DDC-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' October 16, 2019 Joint Motion to Stay Discovery (**ECF No. 142**). Defendants remaining in this action are: St. Francis Community Services; Kathy Boyd; Laura Price; Kaylee Posson; KVC Behavioral Healthcare, Inc.; Pawnee Mental Health Services, Inc.; Lora Ingels; Anthony Allison; and Michelle Allison.[1] Defendants propose the Court stay discovery pending resolution of any Rule 12 dispositive motion.[2]

Plaintiffs' response to the above Joint Motion to Stay Discovery was due October 30, 2019.[3] To date, no response has been filed. Pursuant to D. Kan. Rule 7.4, when a responsive brief or memorandum is not timely filed, the Court can consider and decide the

---

[1] *See* ECF 129 at 39.
[2] Defendants Anthony Allison and Michelle Allison's Motion to Dismiss for Failure to State A Claim is on file at ECF No. 134.
[3] D. Kan. Rule 6.1(d) states responses to non-dispositive motions are due within 14 days.

1

motion as an uncontested motion, and will ordinarily grant the motion without further notice. For this reason and for the reasons stated below, the Court **GRANTS** Defendants' Joint Motion to Stay Discovery. Thus, scheduling and discovery in this case shall be stayed pending resolution of the Rule 12 motion now on file.

I. **Nature of the Case**

This case arises out of Plaintiffs' five children being taken into protective custody and the subsequent child-in-need-of-care proceedings that ensued in Kansas state court from 2015 to 2018.[4] Plaintiffs alleged constitutional and state law tort violations against thirty defendants, which include state and county agencies, state and county officials, private entities and private individuals.[5] In lieu of filing answers, twenty-four of the defendants filed motions to dismiss requesting dismissal of Plaintiffs' Amended Complaint in its entirety for reasons including lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, standing, and immunity.[6]

The District Court granted, granted in part, and denied the defendants' various motions to dismiss.[7] After the Court entered its Memorandum and Order, Defendants Anthony Allison and Michelle Allison filed a Rule 12 motion to dismiss.[8] Then, all remaining Defendants filed this joint motion to stay discovery.[9]

---

[4] *See* Complaint and Amended Complaint (ECF Nos. 1 and 7).
[5] *Id.*
[6] *See* ECF No. 129.
[7] *See* ECF No. 129 at 39-40.
[8] *See* ECF No. 129; ECF No. 134.
[9] *See* ECF No. 142.

2

## II. Discussion

As noted above, Defendants St. Francis Community Services, Kathy Boyd, Laura Price, Kaylee Posson, KVC Behavioral Healthcare, Inc., Pawnee Mental Health Services, Inc., Lora Ingels, Anthony Allison, and Michelle Allison seek to stay discovery pending the resolution of any Rule 12 dispositive motion. While courts generally do not favor stays pending resolution of dispositive motions, there is discretion to do so.[10] In particular, courts "may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[11] And, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided . . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."[12]

Applying the above standard to the case at hand, the Court believes a stay of scheduling and discovery pending resolution of the motion to dismiss for failure to state a claim is appropriate and practical. Because the motion seeks dismissal of Plaintiffs' Amended Complaint in its entirety as to Defendants Anthony Allison and Michelle Allison,

---

[10] *Klaasen v. Univ. of Kansas Sch. of Med.*, No. 13-2561-DCC, 2014 WL 12586790, at *1 (D. Kan. Aug. 13, 2014) ("The power to stay discovery is firmly vested in the sound discretion of the trial court.") (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990)); *Coffman v. Hutchinson Cmty. Coll.*, No. 17-4070-SAC-GEB, 2018 WL 994707, at *2 (D. Kan. Feb. 21, 2018) ("A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.").

[11] *Klaasen*, 2014 WL 12586790, at *1 (quoting *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[12] *Schamp v. Shelton*, No. 06-4051-SAC, 2006 WL 1895454, at *1 (D. Kan. July 7, 2006) (quoting *Wolf v. United States,* 157 F.R.D. 494, 494–95 (D. Kan. 1994)).

it has the potential to completely dispose of Plaintiffs' claims against those Defendants or to narrow the issues remaining for discovery.

Also, by imposing a stay now, before discovery activities have truly begun, the Court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motion. Therefore, the Court finds a stay of scheduling and discovery pending resolution of the pending motion to dismiss will not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate and economical in this instance.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Stay Discovery (**ECF No. 142**) is **GRANTED**. Scheduling and discovery in this case shall be stayed as to all parties pending resolution of the pending motion to dismiss.[13] For the time being, no party shall be required to exchange initial disclosures as prescribed by Rule 26(a)(1), participate in any Rule 26(f) planning conference, develop a Rule 26(f) discovery plan, or otherwise engage in scheduling or discovery requirements. Upon resolution of the motion to dismiss, the Court will promptly set a conference to discuss scheduling and discovery.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of December 2019.

/s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate

---

[13] *See supra* note 2 regarding the pending motion to dismiss.