# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RAYMOND R. SCHWAB AND
AMELIA D. SCHWAB,

    Plaintiffs,

v.

KIM YOXELL, et al.,

    Defendants.

Case No. 18-2488-DDC-GEB

## MEMORANDUM AND ORDER

This matter is before the court on the court's Order directing plaintiffs to serve defendants Phyllis Gilmore, Theresa Freed, Kendra Baker, Angie Suther, and Kim Yoxell in their individual capacities in accordance with the Federal Rules of Civil Procedure (or the Kansas Rules of Civil Procedure) **by October 25, 2019**. Doc. 129 at 27.

### I. Background

Plaintiffs filed the Complaint in this case on August 27, 2018 (Doc. 1). In its September 25, 2019 Memorandum and Order ruling various motions, the court gave plaintiffs until October 25, 2019 to serve defendants Phyllis Gilmore, Theresa Freed, Kendra Baker, Angie Suther, and Kim Yoxell in their individual capacities. Doc. 129 at 27.[1] The court noted "[f]ailing to do so likely will cause their dismissal." *Id.* Now, more than 158 days have passed and plaintiffs still

---

[1] These defendants did not move to dismiss based on insufficient service but explained in a motion to dismiss on other grounds that individual service had not been accomplished and made clear they did not "waive [their] right to personal service." Doc. 55 at 3.

haven't served Ms. Gilmore, Ms. Freed, Ms. Baker, Ms. Suther, and Ms. Yoxell in their individual capacities.

## II. Legal Standard

Federal Rule of Civil Procedure 4(e) provides that a party may serve an individual with the summons and complaint by: (1) delivery to the individual personally, (2) delivery at the individual's dwelling or usual place of abode to a person of "suitable age and discretion" who resides there, (3) delivery to the individual's authorized agent, or (4) following state law governing service. *See* Fed. R. Civ. P. 4(e).

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While good cause is not defined in the rule, "[t]he legislative history of the Rule cites a defendant's evasion of service as the sole example of 'good cause.'" *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991).

## III. Analysis

Following the court's September 2019 Order, new summonses were issued for Ms. Gilmore, Ms. Yoxell, and Ms. Suther on October 15, 2019. No new summonses were issued for Ms. Freed or Ms. Baker. And, to date, the docket reflects that plaintiffs have not served Ms. Gilmore, Ms. Freed, Ms. Baker, Ms. Suther, and Ms. Yoxell in their individual capacities with summons and the Complaint as required by Federal Rule of Civil Procedure 4.

Under Federal Rule of Civil Procedure 41(b) and D. Kan. Rule 41.1, the court may dismiss an action where a party fails to prosecute or comply with the court's orders and rules.

2

Plaintiffs have failed to serve these defendants by the time prescribed in the court's September 25, 2019 Order. Doc. 129 at 27. As Rule 4(m) directs, the court notified plaintiffs these defendants would be dismissed if service was not made. *Id.* (noting the time for service under Rule 4 already had expired and granting plaintiffs additional time to serve these defendants). Plaintiffs also have failed to prosecute their action against Ms. Gilmore, Ms. Freed, Ms. Baker, Ms. Suther, and Ms. Yoxell in their individual capacities. The court thus dismisses Phyllis Gilmore, Theresa Freed, Kendra Baker, Angie Suther, and Kim Yoxell in their individual capacities without prejudice. *See* Fed. R. Civ. P. 4(m) (directing the court to dismiss without prejudice where a defendant is not served).

**IT IS THEREFORE ORDRED THAT** defendants Phyllis Gilmore, Theresa Freed, Kendra Baker, Angie Suther, and Kim Yoxell in their individual capacities are dismissed without prejudice under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1 because plaintiffs failed to prosecute their claims against them.

**IT IS FURTHER ORDERD THAT** the Clerk of the Court is directed to terminate Phyllis Gilmore, Theresa Freed, Kendra Baker, Angie Suther, and Kim Yoxell as defendants in this action.

**IT IS SO ORDERED.**

**Dated this 1st day of April, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**